UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRANDON MASSON | CIVIL ACTION |
| VERSUS | NO. 23-7393 |
| EXPRESS OIL CHANGE LLC | SECTION "R" (5) |

## ORDER AND REASONS

Before the Court is Express Oil Change LLC's ("Express Oil") opposed[1] motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[2] For the following reasons, the Court grants the motion to dismiss for lack of jurisdiction.

## I.   BACKGROUND

Plaintiff Brandon Masson brings this personal injury action against defendant Express Oil under Louisiana Civil Code articles 2315, 2316, and 2317.[3] Plaintiff, who worked as a service manager at the Express Oil Change in Slidell, Louisiana, alleges that he was violently attacked by Express Oil's

---

[1]   R. Doc. 27.
[2]   R. Doc. 25.
[3]   R. Doc. 1.

assistant manager, Jean Diaz, on December 26, 2023.[4] Plaintiff specifically alleges that he had a verbal disagreement with Diaz regarding the handling of a customer repair request and whether it could be adequately performed at the location's service shop.[5] After plaintiff clocked out and left work for the day following the disagreement, he allegedly received a call from the store's manager, Evan Heinz, asking plaintiff to return to work to discuss the incident in person with Diaz.[6] Plaintiff alleges that at the time of this request, Heinz was personally aware that Diaz had a history of violent conduct and was awaiting a criminal trial for a crime of violence in Rhode Island.[7] Plaintiff alleges that during the in-person encounter, Diaz struck plaintiff in the face and repeatedly punched him, as Heinz stood by.[8]

The attack allegedly caused plaintiff severe emotional trauma and significant bodily injury, which plaintiff identifies as facial abrasions and a hematoma on his left temple,[9] and resulted in plaintiff losing his job.[10] Plaintiff asserts that Express Oil is vicariously liable for Diaz's intentional tortious conduct, and Heinz's decision to put plaintiff in a dangerous

---

[4] R. Doc. 24 ¶ 1.
[5] *Id.*
[6] *Id.* ¶ 3.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.* at 5.

confrontation with a violent employee.[11]   Plaintiff seeks "compensatory damages, costs, and judicial interest" in a claim that he asserts "exceeds $75,000."[12]

On March 26, 2024, defendant filed its first motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of jurisdiction and for failure to state a claim.[13]  Plaintiff timely amended his complaint, adding a claim of vicarious liability for Diaz's attack.[14]  In response, defendant filed a second motion to dismiss.[15]  On May 2, 2024, plaintiff moved for leave to file a second amended complaint,[16] which Magistrate Judge North granted under the condition that plaintiff review and remedy known factual errors in the proposed amended complaint.[17]  Defendant now moves to dismiss for the third time, contending that plaintiff's claims do not satisfy the jurisdictional amount necessary to establish diversity jurisdiction and fails to allege facts supporting a cause of action not precluded by the Louisiana Workers' Compensation Act ("LWCA").[18]  Because Express Oil's

---

| | |
|---|---|
| 11 | *Id.* ¶ 4. |
| 12 | *Id.* at 5. |
| 13 | R. Doc. 6. |
| 14 | R. Doc. 7. |
| 15 | R. Doc. 8. |
| 16 | R. Doc. 14. |
| 17 | R. Doc. 21. |
| 18 | R. Doc. 25-1. |

three motions make the same arguments and seek the same relief, the Court denied Express Oil's first two motions to dismiss as moot.[19]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of an action if the court lacks jurisdiction over the subject matter of the plaintiff's claim. Motions submitted under Rule 12(b)(1) allow a party to challenge the court's subject matter jurisdiction based upon the allegations on the face of the complaint. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court must "consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by the undisputed facts plus the court's resolution of disputed facts." *Moore v. Bryant*, 853 F.3d 245, 248 (5th Cir. 2017) (quoting *Barrera-Montenegro*, 74 F.3d at 659). The plaintiff bears the

---

[19] R. Doc. 26.

burden of demonstrating that subject matter jurisdiction exists. *See Spokeo v. Robins*, 578 U.S. 330, 338 (2016).

### III. DISCUSSION

Express Oil contends that plaintiff fails to allege facts that satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332. Federal courts have subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs" and is between "citizens of different states." 28 U.S.C. § 1332. Plaintiff alleges that there is diverse citizenship because the plaintiff is domiciled in the State of Louisiana, and the members of defendant Express Oil Change LLC are domiciled in other states.[20] Defendant does not challenge that the parties are diverse. Thus, only the amount in controversy is at issue here.

It is "plaintiff's burden both to allege with sufficient particularity the facts creating jurisdiction" and, "if appropriately challenged," to "support the allegation." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n. 10 (1938). By invoking federal diversity jurisdiction, plaintiff therefore bears the burden of establishing that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir.

---

[20]   R. Doc. 24 at 1.

2003). The Fifth Circuit applies different standards of proof depending on whether the complaint alleges a dollar amount of damages. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (1995). Although most "caselaw regarding § 1332's amount in controversy requirement has arisen in the context of removal from state to federal court," *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998), the same standards apply in the context of a Rule 12(b)(1) challenge. *See, e.g.*, *Lirette v. Symetra Life Ins. Co.*, No. 20-2954, 2021 WL 3362941, at *3 (E.D. La. Aug. 3, 2021); *Alonso v. Mayeaux*, No. 19-49, 2021 WL 922056, at *3 (M.D. La. Mar. 10, 2021); *Double Take Archery, LLC v. Out Rage*, No. 15-602, 2015 WL 9426118 (W.D. Tex. Dec. 22, 2015).

When the plaintiff "has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith." *Allen*, 63 F.3d at 1335. In this instance, a district court has jurisdiction unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* But when a complaint "alleges an unspecified amount of damages, the party invoking diversity jurisdiction must show by a preponderance of the evidence that the amount-in-controversy requirement is met." *Brand Servs., LLC v. Irex Corp*, 909 F.3d 151, 155 (5th Cir. 2018); *Greenberg*, 134 F.3d at 1253 (recognizing that "bare allegations of

6

jurisdictional facts" are "insufficient to invest a federal court with jurisdiction"). The Court must then "ask whether 'it is facially apparent [from the complaint] that the claims exceed the jurisdictional amount,'" and if not, attempt to "ascertain the amount in controversy" from "summary judgment-type evidence." *Brand Servs., LLC*, 909 F.3d at 155 (citing *Greenberg*, 134 F.3d at 1253); *see, e.g., Alonso*, 2021 WL 922056, at *3 (granting defendant's Rule 12(b)(1) motion to dismiss for lack of jurisdiction because "it [was] not at all [facially] apparent" that plaintiff's claims of legal fees totaling $2,650 plus unspecified damages "exceed[ed] the jurisdictional amount," and no summary judgment-type evidence was presented).

The Court finds that plaintiff has not alleged a sum certain that exceeds the amount in controversy. Plaintiff makes two vague assertions regarding the amount in controversy, neither of which is sufficient. First, the second amended complaint states that "[p]laintiff's claim for damages exceeds $75,000.00."[21] But this "bare allegation[] of jurisdictional fact[]" is "insufficient to invest a federal court with jurisdiction." *Greenberg*, 134 F.3d at 1253; *see also Romero-Palacios v. Warren Electric, LLC*, No. 21-42, 2022 WL 508342, at *4 (W.D. Tex. Feb. 18, 2022) (finding a similar statement to be "insufficient to notate a specific dollar amount, and therefore [was]

---

[21] R. Doc. 24 at 5.

indeterminate"), *report and recommendation adopted*, No. 21-42, 2022 WL 154617 (W.D. Tex. Mar. 8, 2022); *Hereford v. Carlton*, No. 15-26, 2016 WL 7042231, at *4 (E.D. Tex. May 26, 2016) (applying the "facially apparent" test when counter-plaintiffs alleged only that the amount-in-controversy "exceeds $75,000"). Second, plaintiff alleges that the "loss of his yearly salary and bonuses from employment with Express totaled over $70,000.00."[22] But plaintiff does not state the amount of lost earnings he incurred or the total amount of damages he seeks to recover. *See Romero-Palacios*, 2022 WL 508342, at *4 ("Nowhere in the Original Complaint is there an estimate of the amount of costs, a predicted range of recovery, or an allegation of the total damages suffered, which may serve to provide some form of alternative calculation for the amount in controversy."). Plaintiff has failed to adequately allege a sum certain that exceeds the jurisdictional amount.

The Court therefore must determine if it is "facially apparent" from the complaint that plaintiff's claims are more likely than not to exceed the jurisdictionally required amount. *Greenberg*, 134 F.3d at 1253. To evaluate whether the amount in controversy meets the jurisdictional requirement, the Court "inquires into the injuries asserted and uses judicial experience and

---

[22] R. Doc. 24 at 5.

8

common reason to prognosticate the total availability of damages based upon the relief sought" and the "viability of the case in surpassing $75,000 worth of damages." *Drywall Elements, LLC v. Edward Wolff & Assocs., LLC*, No. 21-537, 2022 WL 965404, at *2 (E.D. Tex. Mar. 30, 2022) (citation omitted); *see also Bridges v. Freese*, 122 F. Supp. 3d 538, 543 (S.D. Ms. 2015) (noting that "courts may apply common sense to the allegations" when determining the amount in controversy).

Plaintiff's second amended complaint fails to allege facts plausibly suggesting that his claims are more likely than not to involve over $75,000 in damages. First, plaintiff asserts Express Oil is vicariously liable for the loss of his employment after the workplace fight with Diaz.[23] But plaintiff does not allege that he was wrongfully terminated because of the altercation, nor does he assert that he suffered a disabling injury that prevented him from working. Plaintiff does not allege any facts that would connect the fight to a loss of income. The few injuries plaintiff does identify—facial abrasions and a hematoma on his left temple—provide no basis for a claim of lost earnings, much less one that would even approach the $75,000 jurisdictional requirement. *See, e.g.*, *Aisole v. Dean*, 574 So. 2d 1248, 1252 (La. 1991) (affirming a decision to set aside an award for lost wages where plaintiff

---

[23]  R. Doc. 24 at 5.

"suffered a temporary back injury [that] mostly dissipated"). Plaintiff fails to allege facts that would indicate any damages related to the loss of his employment.

Plaintiff's remaining claims for damages are equally vague. Courts "are required to conclude that a complaint fails the 'facially apparent' test '[i]f the complaint is vague with regard to the types of injuries, medical expenses incurred, and future medical problems resulting from the incident.'" *Romero-Palacios,* 2022 WL 508342, at *5 (citing *Taylor v. Old Republic Ins. Co.*, No. 21-369, 2022 WL 264887 (M.D. La. Jan. 5, 2022), *report and recommendation adopted*, No. 21-369, 2022 WL 264540 (M.D. La. Jan. 27, 2022)). It is not "readily apparent" from plaintiff's "generalized list of damages" for past medical expenses, pain and suffering, and emotional distress that the amount in controversy exceeds $75,000.[24] *Nelsen v. Garrison Prop. & Cas. Ins. Co.*, No. 23-2179, 2023 WL 5844754, at *3 (E.D. La. Sept. 11, 2023) (stating that a complaint alleging "damages for past, present, and future pain, suffering, disability, and mental anguish; past, present and future loss of enjoyment of life; and past, present, and future medical expenses" did not facially demonstrate that the claims exceeded the jurisdictional amount); *see also Ramsey v. Pepsi Cola Bottling Co.*, No. 05-

---

[24] R. Doc. 24 at 5.

284, 2005 WL 8157570, at *2 (M.D. La. July 20, 2005) ("The court agrees with defendant that it is not 'facially apparent' from the original petition's vague and generalized references to [damages] . . . that plaintiffs' claims exceed the jurisdictional amount.").

Moreover, the cuts and bruises plaintiff does allege to have suffered do not indicate that his claims for medical expenses, pain and suffering, and emotional distress are more likely than not to meet § 1332's amount-in-controversy requirement.[25]  *See Saxon v. Thomas*, No. 06-2339, 2007 WL 1115239, at *2 (W.D. La. Apr. 12, 2007) ("If the scant facts set forth in this petition, combined with a prayer for certain categories of damages (prayed for in almost every personal injury case of any magnitude) were deemed adequate to allow federal diversity jurisdiction, there would be very few slip and fall, car accident, or other personal injury cases that would not meet the amount in controversy requirement.").  On its face, plaintiff's second amended complaint fails to demonstrate that the amount in controversy is likely to exceed $75,000.

Neither plaintiff nor defendant has made any "summary judgment-type" evidence available to the Court that would suggest that diversity jurisdiction has attached. *Greenberg*, 134 F.3d at 1250.  Defendant has put

---

[25]     R. Doc. 24 ¶ 3.

plaintiff on notice twice regarding the jurisdictional deficiency of his complaint, and, after two amendments, plaintiff has failed demonstrate that the amount-in-controversy exceeds $75,000 or allege a specific amount of damages in excess of $75,000. Therefore, plaintiff has failed to meet his burden of establishing that the Court has diversity jurisdiction. *Garcia*, 351 F.3d at 638. Lacking any basis to assert jurisdiction over this dispute, the Court must dismiss plaintiff's complaint, allowing plaintiff to pursue his state law claim in state court.

## A. CONCLUSION

For the foregoing reasons, the Court GRANTS Express Oil's Rule 12(b)(1) motion to dismiss and DISMISSES plaintiff's second amended complaint for lack of jurisdiction WITHOUT PREJUDICE.

New Orleans, Louisiana, this __13th__ day of August, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE